UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In Re:                                              Case No.: 8:15-bk-10162-CPM

**Karl Dudley Crawford and**
**Cheryl Annette Crawford**

      Debtor(s).                                   Chapter 13
_____/

[#___ **AMENDED (if applicable)**] **CHAPTER 13 PLAN**

**CHECK ONE:**

__X__ Debtor[1] certifies that the Plan does not deviate from the model plan adopted by the Court at the time of the filing of this case. Any nonconforming provisions are deemed stricken.

_____ The Plan contains provisions that are specific to this Plan in paragraph 9, Nonconforming Provisions. Any nonconforming provision not set forth in paragraph 9 is deemed stricken.

**1. MONTHLY PLAN PAYMENTS.** Plan payments include the Trustee's fee of 10% and shall begin 30 days from petition filing/conversion date. Debtor shall make payments to the Trustee for the period of __60__ months. If the Trustee does not retain the full 10%, any portion not retained will be disbursed to allowed claims receiving payment under the plan and may cause an increased distribution to the unsecured class of creditors:

(A) $300.00 for months __1__ through __60__

To pay the following creditors:

**2.     ADMINISTRATIVE ATTORNEY'S FEES.**

Base Fee $ 4,100.00  Total Paid Prepetition $ 1,500.00  Balance Due $ 2,600.00

**Estimated Additional Fees Subject to Court Approval** $_____

**Attorney's Fees Payable through Plan** $270.00 **Months 1-9 (subject to adjustment)**
                                $170.00 **Month 10**

---

[1] All references to "Debtor" include and refer to both of the debtors in a case filed jointly by two individuals

3.   **PRIORITY CLAIMS (as defined in 11 U.S.C. § 507).**

| Last 4 Digits of Acct No. | Creditor | Total Claim |
|---|---|---|
|  |  |  |
|  |  |  |

4.   **TRUSTEE FEES.**   Trustee shall receive a fee from each payment received, the percentage of which is fixed periodically by the United States Trustee.

5.   **SECURED CLAIMS.** Pre-confirmation payments allocated to secured creditors under the Plan, other than amounts allocated to cure arrearages, shall be deemed adequate protection payments.

   **(A) Claims Secured by Real Property Which Debtor Intends to Retain/ Mortgage Payments and Arrears, if any, Paid through the Plan.** If the Plan provides for curing prepetition arrearages on a mortgage, Debtor will pay, in addition to all other sums due under the proposed Plan, all regular monthly postpetition mortgage payments to the Trustee as part of the Plan. These mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter. The Trustee shall pay the postpetition mortgage payments on the following mortgage claims:

| Last 4 Digits of Acct No. | Creditor | Collateral Address | Reg. Mo. Pmt. | Gap Pmt. | Arrears |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |

   **(B) Claims Secured by Real Property/Debtor Intends to Seek Mortgage Modification.** Pending the resolution of a mortgage modification request, Debtor shall make the following adequate protection payments to the Trustee: (1) for *homestead* property, the lesser of 31% of gross disposable monthly income of Debtor and non-filing spouse, if any (after deducting homeowners association fees), or the normal monthly contractual mortgage payment, or (2) for *non-homestead*, income-producing property, 75% of the gross rental income generated from the property:

| Last 4 Digits of Acct. No. | Creditor | Collateral Address | Pmt. Amt. |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

      **(C) Claims Secured by Real Property or Personal Property to Which Section 506 Valuation APPLIES.** Under 11 U.S.C. § 1322(b)(2), this provision does not apply to a claim secured solely by Debtor's principal residence. A separate motion to determine secured status or to value the collateral must be filed. The secured portion of the claim, estimated below, shall be paid:

| Last 4 Digits Creditor of Acct No. | Collateral Claim Desc./Address | Amt. Value Pmt. | Interest @ ___ % |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

      **(D) Claims Secured by Real Property and/or Personal Property to Which Section 506 Valuation DOES NOT APPLY.** Claims of the following secured creditors shall be paid in full with interest:

| Last 4 Digits Creditor of Acct No. | Collateral Claim Desc./Address | Amt. Pmt. | Interest @ _____ % |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

      **(E) Claims Secured by Personal Property – Maintaining Regular Payments and Curing Arrearages, if any, with All Payments in Plan.**

| Last 4 Digits Creditor of Acct No. | Collateral Description | Regular Payment | Arrearages |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

      **(F) Secured Claims/Lease Claims Paid Direct by Debtor.** The following secured claims/lease claims are being made via automatic debit/draft from Debtor's depository account and are to continue to be paid direct to the creditor or lessor by Debtor outside the Plan via automatic debit/draft. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate or abrogate Debtor's state law contract rights. (Note: The Plan must provide for the assumption of lease claims that Debtor proposes to pay direct in the Lease/Executory Contract Section 6 below.)

| Last 4 Digits of Acct No. | Creditor | Property/Collateral |
|---|---|---|
| 7559 | Pacific Union Financial | 13905 Noble Park Drive |
| n/a | Ashley Lakes HOA | 13905 Noble Park Drive |
| 4400 | Florida Central Credit | 2013 Hyundai Santa Fe |
| 2349 | GTE Financial | 2008 Ford Expedition |

    **(G) Liens to be Avoided per 11 U.S.C. § 522/Stripped Off per 11 U.S.C. § 506.** A separate motion to avoid a lien under § 522 or to determine secured status and to strip a lien under § 506 must be filed.

| Last 4 Digits of Acct No. | Creditor | Collateral Description/Address |
|---|---|---|
|  |  |  |
|  |  |  |

    **(H) Surrender of Collateral/Leased Property.** Debtor will surrender the following collateral/leased property. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. (Note: The Plan must provide for the rejection of lease claims in the Lease/Executory Contract section below.)

| Last 4 Digits of Acct No. | Creditor | Property/Collateral to be Surrendered |
|---|---|---|
| 2907 | Rooms to Go | Couch |

**6. LEASES/EXECUTORY CONTRACTS.**

| Last 4 Digits of Acct No. | Creditor | Property | Assume/Reject-Surrender | Est. Arrears |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

7.    **GENERAL UNSECURED CREDITORS.** General unsecured creditors with allowed claims shall receive a *pro rata* share of the balance of any funds remaining after payments to the above referenced creditors or shall otherwise be paid under a subsequent Order Confirming Plan. The estimated dividend to unsecured creditors shall be no less than $13,600.00.

8.    **ADDITIONAL PROVISIONS:**

    (A)    Secured creditors, whether or not dealt with under the Plan, shall retain the liens securing such claims:

    (B)    Payments made to any creditor shall be based upon the amount set forth in the creditor's proof of claim or other amount as allowed by an Order of the Bankruptcy Court. 5

    (C)    Property of the estate (check one)*

        (1)    _____ shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise; or

        (2)    __X__ shall vest in Debtor upon confirmation of the Plan.

*If Debtor fails to check (a) or (b) above, or if Debtor checks both (a) and (b), property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

    (D)    The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief and/or the proofs of claim as filed and allowed. The Trustee shall only pay creditors with filed and allowed proof of claims. An allowed proof of claim will control, unless the Court orders otherwise.

    (E)    The Debtor may attach a summary or spreadsheet to provide an estimate of anticipated distributions. The actual distributions may vary. If the summary or spreadsheet conflicts with this Plan, the provisions of the Plan control prior to confirmation, after which time the Order Confirming Plan shall control.

    (F)    Debtor shall timely file all tax returns and make all tax payments and deposits when due. (However, if Debtor is not required to file tax returns, Debtor shall provide Trustee with a statement to that effect.) For each tax return that becomes due after the case is filed, Debtor shall provide a complete copy of the tax return, including business returns if Debtor owns a business, together with all related W-2s and Form 1099s, to the Trustee within 14 days of filing the return. Unless otherwise ordered by the Court, Debtor shall turn over to the Trustee all tax refunds in addition to regular Plan payments. Debtor shall not instruct the Internal Revenue Service or other taxing agency to apply a refund to the following year's tax liability. **Debtor shall spend no tax refunds without prior court approval.**

## 9. NONCONFORMING PROVISIONS:

_____

_____

_____

*[signature]*                                             Dated: __01-06-16__
Debtor

*[signature: Cheryl Crawford]*                     Dated: __1-6-16__
Debtor

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Chapter 13 Plan of Debtor(s) was furnished by United States mail, postage prepaid, to All Creditors and Parties in Interest as listed on the Court's Matrix as attached, this 27th day of January, 2016.

/s/ Robert DeLeon, Esq.
Robert DeLeon, Esq.
Attorney for Debtor
Kaufman, Englett & Lynd, PLLC
150 N Orange Avenue, Suite 100
Orlando, FL 32801
Telephone: 407.513.1900
Facsimile: 407.309.5900
Florida Bar No.: 93901

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-8<br>Case 8:15-bk-10162-CPM<br>Middle District of Florida<br>Tampa<br>Wed Jan 20 12:04:47 EST 2016 | Recovery Management Systems Corp.<br>Attn: Ramesh Singh<br>25 SE Second Avenue, Ste 1120<br>Miami, FL 33131-1605 | Ashley Lakes HOA<br>c/o Qualified Property Mngmt<br>PO Box 628207<br>Orlando, FL 32862-8207 |
| Barclays Bank Delaware<br>Attn: Bankruptcy<br>P.O. Box 8801<br>Wilmington, DE 19899-8801 | Bealls<br>PO Box 182273<br>Columbus, OH 43218-2273 | Capital 1 Bank<br>Attn: General Correspondence<br>Po Box 30285<br>Salt Lake City, UT 84130-0285 |
| Capital One Bank (USA), N.A.<br>PO Box 71083<br>Charlotte, NC  28272-1083 | Carnival Mastercard<br>PO Box 60517<br>City of Industry, CA 91716-0517 | Cbs Col Owbr<br>Po Box 1479<br>Owensboro, KY 42302-1479 |
| Chase Bank<br>Attn: Bankruptcy Dept<br>Po Box 15298<br>Wilmington, DE 19850-5298 | Chase Card<br>201 N. Walnut St//De1-1027<br>Wilmington, DE 19801-2920 | Colleen Rediger<br>Mark Rediger<br>c/on Brinson Law Firm<br>PO Box 8668<br>Saint Petersburg, FL 33738-8668 |
| Cooksales, Inc.<br>PO Box 538389<br>Atlanta, GA 30353-8389 | Credit Bureau Systems<br>PO Box 9200<br>Paducah, KY 42002-9200 | Financial Corporation Of America<br>Attn: Bankruptcy<br>Po Box 203500<br>Austin, TX 78720-3500 |
| Florida Central Credit<br>3333 Henderson Blvd<br>Tampa, FL 33609-2955 | Frank C Pettinato II, DMD<br>4427 Rowan Rd<br>New Port Richey, FL 34653-6198 | Gemb/walmart<br>Attn: Bankruptcy<br>Po Box 103104<br>Roswell, GA 30076-9104 |
| Gte Financial<br>711 E Henderson Ave<br>Tampa, FL 33602-2509 | Hhgregg<br>PO BOX 960061<br>Orlando, FL 32896-0061 | Lowes<br>P.O. Box 530914<br>Atlanta, GA 30353-0914 |
| Lowes Business<br>PO Box 530970<br>Atlanta, GA 30353-0970 | M&T BANK<br>PO BOX 1508<br>BUFFALO, NY 14240-1508 | M&t Credit Services Ll<br>1100 Worley Drive<br>Consumer Asset Management 2nd Floor/Attn<br>Williamsville, NY 14221 |
| Macdill Air Force Bk/Grow Financial FCU<br>Attn: Bankruptcy<br>Po Box 89909<br>Tampa, FL 33689-0415 | Oac<br>Po Box 500<br>Baraboo, WI 53913-0500 | Pacific Union Financia<br>1603 Lbj Fwy Ste 500<br>Farmers Branch, TX 75234-6071 |
| Quantum3 Group LLC as agent for<br>Crown Asset Management LLC<br>PO Box 788<br>Kirkland, WA  98083-0788 | Recovery Management Systems Corporation<br>25 S.E. 2nd Avenue, Suite 1120<br>Miami, FL 33131-1605 | Sam's Club<br>2101 S.E. Simple Savings Dr<br>Bentonville, AR 72712-4304 |

| | | |
|---|---|---|
| Synchrony Bank<br>c/o Recovery Management Systems Corporat<br>25 SE 2nd Avenue, Suite 1120<br>Miami, FL 33131-1605 | Synchrony Bank/Care Credit<br>Attn: bankruptcy<br>Po Box 103104<br>Roswell, GA 30076-9104 | Synchrony Bank/Lens Crafters<br>Attn: Bankruptcy<br>Po Box 103104<br>Roswell, GA 30076-9104 |
| Synchrony Bank/Lowes<br>Attention:  Bankruptcy Department<br>Po Box 103104<br>Roswell, GA 30076-9104 | Tdrcs/rooms To Go<br>1000 Macarthur Blvd<br>Mahwah, NJ 07430-2035 | United States Attorney<br>400 West Washington Street<br>Suite 3100<br>Orlando FL 32801-2440 |
| United States Trustee - TPA7/13<br>Timberlake Annex, Suite 1200<br>501 E Polk Street<br>Tampa, FL 33602-3949 | Wfdillards<br>Po Box 14517<br>Des Moines, IA 50306-3517 | Cheryl Annette Crawford<br>13905 Noble Park Drive<br>Odessa, FL 33556-1768 |
| Karl Dudley Crawford<br>13905 Noble Park Drive<br>Odessa, FL 33556-1768 | Roberto D DeLeon<br>Kaufman, Englett & Lynd, PLLC<br>150 N. Orange Avenue, Suite 100<br>Orlando, FL 32801-2317 | Stephen L Meininger<br>707 North Franklin Street<br>Suite 850<br>Tampa, FL 33602-4400 |


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Kayla Crawford

End of Label Matrix
Mailable recipients    41
Bypassed recipients     1
Total                  42