## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| **In re:** | **Chapter 13** |
| **KARL DUDLEY CRAWFORD and** | **Case No.: 8:15-bk-10162-CPM** |
| **CHERYL ANNETTE CRAWFORD,** | |
| **Debtors** | |
| _____/ | |

### CREDITORS MARK AND COLLEEN REDIGER'S OBJECTION TO PLAN

Creditors and parties-in-interest Mark and Colleen Rediger (the "Redigers") files this objection to the Debtors' Chapter 13 Plan (the "Plan") (Doc. 23) and, in support thereof, state as follows:

### BACKGROUND

1. On or about January 26, 2016, the chapter 7 bankruptcy cases of Karl Dudley Crawford and Cheryl Annette Crawford (the "Debtors") were converted to cases under chapter 13 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Code").

2. The Redigers are creditors of the Debtors and were scheduled by the Debtors as a joint debt.

3. The Redigers contracted with the Debtors for the construction of the Redigers' home through the Debtors' company, Crawford Construction Company, LLC ("CCC").

4. The Redigers paid to Debtors a significant draw amount for CCC to use for materials and labor in the construction of the Redigers' home. The monies paid, however, were not used for the construction of the home, but disappeared.

5. The Redigers allege that Debtors converted the draw funds to their own purposes and that, upon information and belief, Debtors used all of some the fraudulently obtained funds to improve the Debtors' homestead.

6. This results in an equitable lien on the homestead in favor of the Redigers.

## OBJECTION TO CONFIRMATION

7. The Redigers object to the confirmation of the Plan on multiple grounds, including as follows:

- The Plan has not been proposed in good faith as required by 11 U.S.C. § 1325(a)(3).

- The Plan does not provide for treatment of the Redigers as a secured claimant as required by 11 U.S.C. § 1325(a)(5).

- The Plan is not feasible for the Debtors as required by 11 U.S.C. § 1325(a)(6).

- The bankruptcy was not filed in good faith as required by 11 U.S.C. § 1325(a)(7).

- The Debtors have not produced all filed tax returns as required by 11 U.S.C. § 1325(a)(9).

- The Debtors have not dedicated all disposable income as required by 11 U.S.C. § 1325(b)(1).

8. The Plan should not be confirmed unless or until the foregoing issues are addressed in a satisfactory manner.

9.      The Redigers hereby reserve the right to join all other objections and to file or voice such other or additional basis for objections to confirmation of the Plan as are hereafter determined to exist based upon ongoing formal and informal discovery.

WHEREFORE, the Redigers respectfully request that this Court enter an order denying confirmation of the Plan and granting such other and further relief as is just and equitable.

Dated: March 5, 2016

## CERTIFICATE OF SERVICE

The undersigned, Michael A. Nardella, Esquire, hereby certifies that a true and correct copy of the foregoing was furnished via electronic means on April 5, 2016 to: Robert D. DeLeon, Esquire, Kaufman, Englett & Lynd, P.L.L.C., 150 North Orange Avenue, Suite 100, Orlando, FL 32801, the U.S. Trustee, 501 East Polk Street, Suite 1200, Tampa, Florida 33602, the trustee Jon M. Waage, P.O. Box 25001, Bradenton, FL 34206, and all other parties participating in CM/ECF.

/s/ Michael A. Nardella_____
Michael A. Nardella, Esq.
Florida Bar No: 51265
**NARDELLA & NARDELLA, PLLC**
250 E. Colonial Drive, Suite 102
Orlando, Florida 32801
Telephone: (407) 966-2680
Facsimile: (407) 966-2681
Primary Email:  mnardella@nardellalaw.com
Secondary Email: akeppel@nardellalaw.com