UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                                                  Chapter 13

**KARL DUDLEY CRAWFORD and**                        Case No.: 8:15-bk-10162-CPM
**CHERYL ANNETTE CRAWFORD,**

**Debtors**
_____/

### NOTICE OF RULE 2004 EXAMINATION AND REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Local Rule 2004-1 and Rule 2004 of the Federal Rules of Bankruptcy Procedure, creditors and parties-in-interest Mark and Colleen Rediger, by and through their counsel, will examine Debtor Karl Dudley Crawford under oath on **May 25, 2016**, **at 10:00 a.m.** at Orange Reporting Services, **7813 Mitchell Boulevard, Suite 106, New Port Richey, Florida 34655.** The examination may continue from day to day until completed. The examination is pursuant to Fed. R. Bankr. P. 2004 and will be taken before an officer authorized to record the testimony. Pursuant to Local Rule 2004-1 and Rule 45 of the Federal Rules of Civil Procedure, Debtor Karl Dudley Crawford is further instructed to produce the requested documents specified on **Exhibit A** and produce said documents on or before **May 18, 2016,** at the office of Nardella & Nardella, PLLC, c/o Michael A. Nardella, Esq., 250 E. Colonial Drive, Suite 102, Orlando, Florida 32801.

The examination above-referenced shall be with respect to those matters described in Rule 2004 of the Federal Rules of Bankruptcy Procedure, including without limitation the assets of the Debtors, the assets of the Debtors' companies, and the financial history and records of the Debtors.

Respectfully submitted this 20th day of April, 2016.

## **CERTIFICATE OF SERVICE**

  The undersigned, Michael A. Nardella, Esquire, hereby certifies that a true and correct copy of the foregoing was furnished via U.S. mail or electronic means on April 20, 2016 to: Karl Dudley Crawford and Cheryl Annette Crawford, 13905 Noble Park Drive, Odessa, FL 33556, Robert D. DeLeon, Esquire, Kaufman, Englett & Lynd, P.L.L.C., 150 North Orange Avenue, Suite 100, Orlando, FL 32801, the U.S. Trustee, 501 East Polk Street, Suite 1200, Tampa, Florida 33602, the trustee Jon M. Waage, P.O. Box 25001, Bradenton, FL 34206, and all other parties participating in CM/ECF.

            /s/ Michael A. Nardella_____
            Michael A. Nardella, Esq.
            Florida Bar No: 51265
            **NARDELLA & NARDELLA, PLLC**
            250 E. Colonial Drive, Suite 102
            Orlando, Florida 32801
            Telephone: (407) 966-2680
            Facsimile: (407) 966-2681
            Primary Email: mnardella@nardellalaw.com
            Secondary Email: akeppel@nardellalaw.com

            **Attorneys for Mark and Colleen Rediger**

## **Exhibit A**

## **REQUEST FOR DOCUMENTS**

## **DEFINITIONS**

1. As used herein, "You" or "Your" shall mean Defendants, KARL DUDLEY CRAWFORD, CHERYL ANNETTE CRAWFORD, their affiliates, partners, agents, representatives, servants, employees, attorneys, expert witnesses, accountants, auditors, and all persons or entities over which Defendants, or either of them, have control or have been hired, retained or employed for any purpose by it, whether directly by it or through any other person or entity.

2. As used herein, "You" or "Your" shall also include CRAWFORD CONSTRUCTION COMPANY, LLC, its members, affiliates, partners, agents, representatives, servants, employees, attorneys, expert witnesses, accountants, auditors, and all persons or entities over which Defendants, or any member of CCC, have control or have been hired, retained or employed for any purpose by it, whether directly by it or through any other person or entity.

3. As used herein, the term "document" or "documents" shall be defined to include any and all documents, memoranda (including written memoranda of telephone conversations, oral communications, discussions, agreements, acts or activities), letters, postcards, telegrams, messages (including telephone messages), facsimiles, intra- and interoffice communications, correspondence, handwritten and/or typewritten notes, pamphlets, diaries, records of any kind, sound recordings, contracts, agreements, books, letters, reports, catalogues, financial statements, receipts, invoices, billing statements (including credit card and telephone statements), purchase orders, proposals, affidavits, advertisements, solicitations, indices, data processing cards, other data processing materials, data, maps, directives, desk pads, calendars, scrap books, notebooks, drawings, diagrams, sketches, statistical records, appointment books, diaries, computer printouts, data processing input and output, computer input and output, e-mail, microfilms, other records kept by electronic, photographic or mechanical means, and writing of every kind and character, including preliminary drafts and other copies of the foregoing, however produced or reproduced. If multiple copies of a document exist, each copy which is any way not completely identical to a copy which is being produced should also be produced.

## **DOCUMENTS TO PRODUCE**

1. All income taxes filed by Karl Crawford ("Crawford"), and Crawford Construction Company, LLC ("CCC"), for the four (4) years from March 2016, including the federal tax returns for calendar years 2011, 2012, 2013, 2014, and 2015.

2. All documents referred to in any way, directly or indirectly, in any and all above described income tax returns filed by Crawford and CCC for the previous four (4) years.

3. All documents that constitute or refer in any way, directly or indirectly, to any and all books, records or other memoranda of business or financial conduct, activities, status or income of Crawford and CCC for the past four (4) years from January 1, 2012 through December 31, 2015.

4. All documents that constitute or refer in any way, directly or indirectly to any and all deed, records, or other documents which relate to assets in the name of CCC, Crawford or Cheryl Annette Crawford.

5. All documents that constitute or refer in any way, directly or indirectly, to any records of salaries, commissions, bonuses, income from employment, allowances, expenses, or any other sums of money paid to or by Crawford, CCC or Cheryl Annette Crawford within the previous four (4) years from January 1, 2012 through December 31, 2015.

6. All documents that contain or refer in any way, directly or indirectly, to the name(s) and address(es) of the person or persons who have custody of records of salaries, commissions, bonuses, allowances, expenses or any other sums of money paid to or by Defendants or CCC within the previous four (4) years from January 1, 2012 through December 31, 2015.

7. All payroll records of CCC during the period from January 1, 2014 through December 31, 2015.

8. All payments to any subcontractors by CCC from January 1, 2014 through December 31, 2015.

9. All documents referring in any way, directly or indirectly, to any items of personal property in which Defendants or CCC own or claim any interest.

10. All documents, items, and things referring in any way, directly or indirectly, to any and all accounts (business or personal bank, checking, savings, credit, union, or retirement accounts) in which Defendants or CCC has an interest.

11. All documents referring in any way, directly or indirectly, to the name and address of persons or entities to whom Defendants or CCC has given a financial statement to within the previous four (4) years from January 1, 2012 through December 31, 2015.

12. All documents that constitute or refer in any way, directly or indirectly, to the aforementioned financial statements prepared within the previous four (4) years from January 1, 2012 through December 31, 2015 for Defendants or CCC.

13. All documents referring in any way, directly or indirectly, to the names and addresses of persons who have served as bookkeepers or financial advisers for the Defendants or CCC within the previous four (4) years from January 1, 2012 through December 31, 2015.

14. All documents referring any way, directly or indirectly, to each person or entity to whom Defendants or CCC has paid, given or conveyed money or other consideration for any real or personal property of value more than $200 within the previous four (4) years from January 1, 2012 through December 31, 2015.

15. All documents referring in any way, directly or indirectly, to any and all personal or real property which the Defendants or CCC have purchased or sold, given, paid or otherwise

    conveyed within the previous four (4) years from January 1, 2012 through December 31, 2015.

16. All documents referring in any way, directly or indirectly, to any and all motorized vehicles (including automobiles, trucks, watercraft, aircraft, and motorcycles in which the Defendants or CCC claims an interest.

17. All documents referring in any way, directly or indirectly, to any and all persons or entities who have appraised any real or personal property for the Defendants or CCC within the previous four (4) years from January 1, 2012 through December 31, 2015.

18. All documents that constitute or refer in any way, directly or indirectly, to any appraisal of any real or personal property prepared for Defendants or CCC within the previous four (4) years from January 1, 2012 through December 31, 2015.

19. All documents that constitute or refer in any way, directly or indirectly, to any amount of money owed to the Defendants or CCC by any person or entity within the previous four (4) years from January 1, 2012 through December 31, 2015.

20. All documents referring in any way, directly or indirectly, to any legal cause of action, either real or anticipated, by or against the Defendants or CCC brought within the previous four (4) years from January 1, 2012 through December 31, 2015.

21. All documents referring in any way, directly or indirectly, to the anticipated amount of recovery in any legal cause of action, either real or anticipated, by Defendants or CCC.

22. All documents referring in any way, directly or indirectly, to each person or entity who has served as the bank for the Defendants or CCC within the previous four (4) years from January 1, 2012 through December 31, 2015.

23. All documents referring in any way, directly or indirectly, to any and all cash on hand for Defendants or CCC as of the date of this examination.

24. All documents referring in any way, directly or indirectly, to any and all cash in accounts owned or claimed by Defendants or CCC or held or deposited with any bank or other financial institution(s).

25. All documents referring in any way, directly or indirectly, to any accounts receivable owed to Defendants or CCC.

26. All documents that constitute or refer in any way, directly or indirectly, to notes receivable held by Defendants or CCC or in which Defendants or CCC claims an interest.

27. All documents referring in any way, directly or indirectly, to shares of stocks or membership interest owned by Defendants or CCC or in which Defendants or CCC claims an interest.

28. All documents referring in any way, directly or indirectly, to bonds or other marketable

securities owned by the Defendants or CCC or which the Defendants or CCC claims an interest.

29. All documents referring in any way, directly or indirectly, to real estate that the Defendants or CCC owns or in which the Defendants or CCC claims an interest (including homestead).

30. All documents referring in any way, directly or indirectly, to property that the Defendants claim as homestead property, including all closing statements and notes and mortgages.

31. All documents referring in any way, directly or indirectly, to any and all business in which Defendants or CCC is a partner, officer or principal owner or member

32. All documents referring in any way, directly or indirectly, to any interest the Defendants or CCC may have in any businesses, partnerships, corporations, or joint ventures.

33. All documents referring in any way, directly or indirectly, to any equipment that the Defendants or CCC owns or in which the Defendants or CCC claims an interest.

34. All documents, referring in any way, directly or indirectly, to mortgage(s) upon which Defendants are liable.

35. All documents, referring in any way, directly or indirectly, to accounts payable owed by the Defendants or CCC, including account name(s), original amount, person or entity to whom due, balance owing, payments, maturity and collateral.

36. All documents referring in any way, directly or indirectly, to any other unpaid taxes for which the Defendants or CCC is liable.

37. All documents referring in any way, directly or indirectly, to any assets held in trust, in an estate, or in any other name or capacity in which the Defendants or CCC claims or has an interest.

38. All documents referring in any way, directly or indirectly, to assets (real or personal property), that are securing any debt for which the Defendants or CCC is liable.

39. All documents referring in any way, directly or indirectly, to the Defendant's or CCC's obligations to pay leases, notes or other debts of any other person or entity.

40. All documents referring in any way, directly or indirectly, to any unsatisfied judgments against the Defendants or CCC or for which the Defendants or CCC is liable.

41. All documents referring in any way, directly or indirectly, to any filing in bankruptcy by the Defendant or any assignment by the Defendants or CCC for the benefit of creditors.

42. All documents referring in any way, directly or indirectly, to any dividends payable to the Defendants or CCC or in which Defendants or CCC claims an interest.

43. All documents referring in any way, directly or indirectly, to any interest payable to the Defendants or CCC or in which the Defendants or CCC claims an interest.

44. All documents referring in any way, directly or indirectly, to any royalties payable to the Defendants or CCC or in which the Defendants or CCC claims an interest.

45. All documents referring in any way, directly or indirectly, to any personal or business expense of Defendants (management, household, rent, etc.).

46. All documents, referring in any way, directly or indirectly, to any insurance payments Defendants or CCC may have or any insurance payments due to Defendants or CCC.

47. All documents referring in any way, directly or indirectly, to any other assets not already disclosed by Defendants or CCC pursuant to this document request.

48. All documents referring in any way, directly or indirectly, to any other liabilities not already disclosed pursuant to this document request.

49. All documents referring in any way, directly or indirectly, to any outstanding contracts for which Defendants or CCC is entitled to receive a commission or fee, and/or upon which Defendants or CCC claims a right to receive a commission or fee, whether a partial commission or fee or complete commission or fee.

50. Any will or trust executed by not revoked in writing by Defendants.

51. All check stubs, canceled checks and bank statements within the previous four (4) years from January 1, 2012 through December 31, 2015, for accounts in which Defendants or CCC claims an interest.

52. All accounts evidencing safety deposit boxes, lock boxes, and storage facilities of any kind to which Defendants or CCC has access.

53. All formation documents of CCC or any other entity to which Defendants or CCC has an interest in.

54. All operating agreements executed by CCC or any entity CCC or the Defendants have an interest in.