**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:                                                                      Chapter 13

**KARL DUDLEY CRAWFORD and**                    Case No.: 8:15-bk-10162-CPM
**CHERYL ANNETTE CRAWFORD,**

**Debtors**
_____/

### MOTION FOR EXTENSION OF TIME
### TO FILE ADVERSARY COMPLAINT TO DETERMINE
### DISCHARGEABILITY OF CERTAIN DEBTS

Creditors and parties-in-interest Mark and Colleen Rediger, by and through their counsel (the "Movant"), hereby move this Honorable Court pursuant to Federal Rules of Bankruptcy Procedure 4004 and 4007 for an extension of time to file a Complaint Objecting to the Debtor's Discharge and to Determine Dischargeability of Certain Debts and, in support, state the following:

1.      On or about January 26, 2016, the chapter 7 bankruptcy cases of Karl Dudley Crawford and Cheryl Annette Crawford (the "Debtors") were converted to cases under chapter 13 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Code").

2.      The bar dates for filing a complaint to determine dischargeability of certain debts is May 2, 2016.

3.      The Redigers are creditors of the Debtors and the debt owed by the Debtors was scheduled as a joint debt.

4. The Redigers contracted with the Debtors for the construction of the Redigers' home through the Debtors' company, Crawford Construction Company, LLC ("CCC").

5. The Redigers paid to Debtors a significant draw amount for CCC to use for materials and labor in the construction of the Redigers' home. The monies paid, however, were not used for the construction of the home, but disappeared.

6. The Redigers allege that Debtors converted the draw funds to their own purposes and that, upon information and belief, Debtors used all of some the fraudulently obtained funds to improve the Debtors' homestead.

7. Unaware of the bankruptcy, on December 28, 2015, the Redigers filed a Complaint against the Debtors, CCC, *et al*. in the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida, for, *inter alia*, breach of contract and fraud, (the "State Court Action").

8. When the Redigers learned of the Debtors' bankruptcy, they dismissed the action against the Debtors promptly. The Redigers, however, were not able to take any discovery of the Debtors as originally anticipated due to the imposition of the automatic stay.

9. Therefore, the Redigers are still in the process of determining whether or not a complaint to determine any debts as nondischargeable should be filed.

10. On April 20, 2016, the Redigers filed a Notice of 2004 Examination (Doc. 31) for both of the Debtors (the "2004 Exam"). The 2004 Exam is scheduled for May 25, 2016, and includes a substantial request for documents.

11. The Redigers need time to conduct the 2004 Exam and to review the requested documents in order to determine whether to bring an action to determine the dischargeability of the debts owed by Debtors to the Redigers.

12. Pursuant to Fed. R. Bankr. P. 4004(b) and 4007(c), the Court, for cause, may extend the time for filing a complaint objecting to Debtors' discharge or to determine dischargeability if the motion is filed prior to the expiration of the deadline.

13. The Redigers request a 60-day extension of time from the entry of an order on this Motion to file a complaint to determine the dischargeability of debts.

14. This Motion is not made for the purpose of delay, but rather to allow the Redigers the additional time necessary to conduct sufficient inquiries so that they can determine an appropriate course of action. No party to this matter will be prejudiced by the granting of this Motion.

WHEREFORE, creditor and party-in-interest Mark and Colleen Rediger and requests entry of an order granting this Motion and extending time to file a complaint to determine the dischargeability of any debts for sixty (60) days from entry of an Order on this Motion, and for such other relief as the Court deems just and proper.

## **CERTIFICATE OF SERVICE**

The undersigned, Michael A. Nardella, Esquire, hereby certifies that a true and correct copy of the foregoing was furnished via CM/ECF system and by U.S. mail on April 20, 2016 to: Karl Dudley Crawford and Cheryl Annette Crawford, 13905 Noble Park Drive, Odessa, FL 33556, Robert D. DeLeon, Esquire, Kaufman, Englett & Lynd, PLLC, 150 North Orange Avenue, Suite 100, Orlando, FL 32801, the U.S. Trustee, 501 East Polk Street, Suite 1200, Tampa, Florida 33602, the trustee Jon M. Waage, P.O. Box 25001, Bradenton, FL 34206 and all parties participating in CM/ECF.

/s/ Michael A. Nardella
Michael A. Nardella, Esq.
Florida Bar No: 51265
**NARDELLA & NARDELLA, PLLC**
250 E. Colonial Drive, Suite 102
Orlando, Florida 32801
Telephone: (407) 966-2680
Facsimile: (407) 966-2681
Primary Email: mnardella@nardellalaw.com
Secondary Email: akeppel@nardellalaw.com

**Attorneys for Mark and Colleen Rediger**