**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| **In re:** | **Chapter 13** |
| **KARL DUDLEY CRAWFORD and CHERYL ANNETTE CRAWFORD,** | **Case No.: 8:15-bk-10162-CPM** |
| **Debtors.** | |
| _____/ | |

**CREDITORS MARK AND COLLEEN REDIGER'S MOTION**
**FOR RELIEF FROM STAY TO PURSUE FRAUD CLAIMS**

Creditors and parties-in-interest Mark and Colleen Rediger (the "Redigers"), by and through their counsel, hereby moves this Court (this "Motion") for relief from the automatic stay pursuant to Section 362(d) in order to pursue their intentional tort claims against the Debtor, Karl Dudley Crawford (the "Debtor"). In support of this Motion, the Redigers state as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicate for the requested relief is 11 U.S.C. § 362(d) and F.R.B.P. 4001 and 9014.

**BACKGROUND OF THE CLAIM**

3. On or about January 7, 2014, Defendant and Crawford Construction Company ("CCC") entered into a contract with the Redigers to demolish their existing home and construct a new residential home located at 12705 2nd Isle, Hudson, Florida, for the sum of $168,200 (the "Contract").

4. Debtor, as principal of CCC, made multiple false representations to the Redigers in order to procure draws for the construction of their home for his own benefit. Debtor deceived

1

the Redigers, misappropriating much of the draws for himself and at the same time purchasing materials completely inferior to the materials contracted for to cover the misappropriate.

5. The Redigers brought a lawsuit against Debtor, among others, alleging claims of fraud and civil theft, which lawsuit is currently pending in the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida, Case No. 2015-CA-004110 (the "State Court Action").

6. The State Court Action is currently stayed as to the Debtor, but is proceeding in the discovery stage against the other defendants to the action, including CCC and other third parties related to the fraud and theft by Debtor.

7. The Redigers brought an adversary proceeding against Debtor alleging that the Redigers' claims against Debtor are non-dischargeable, which proceeding is currently pending before this Court as Case No. 8:16-ap-00559-CPM (the "Adversary").

8. The elements of proof necessary to prove non-dischargeability almost identically overlap with the elements of proof necessary to prove fraud and civil theft in the State Court Action.

9. In the interests of judicial economy, the dispute between the Debtor and the Redigers should be litigated in only a single forum.

10. As the State Court Action is already underway and still in the discovery phase, this Court should grant relief from stay to allow these claims to be litigated against Debtor in the State Court Action, and permit whatever ruling occurs in the State Court Action to have the necessary collateral estoppel effect, thereby saving the parties the need to try the matter in two forums.

11. Importantly, the State Court Action is the better forum to determine these claims as all relevant parties, including non-debtors, are already participating in the State Court Action.

Their testimony, etc., will be important to the litigation, and it would be unfair to them to have to prepare and testify in two actions. As the non-debtor parties cannot be brought into the Adversary, it makes more sense to grant relief from stay and let all parties participate together in a single forum.

## BASIS FOR RELIEF

12. Pursuant to 11 U.S.C. § 362(d)(1), "cause" exists for relief from the automatic stay in order for the Redigers to pursue their claims against Debtor, liquidate those claims, and bring the action to a final ruling on the Debtor's intent, the chief issue for both the State Court Action and the Adversary.

13. "Even where a dischargeability issue is squarely apparent, it is within the discretion of the Bankruptcy Court to permit a closely related claim to be reduced to judgment in a state or other court of competent jurisdiction. *In re Saunders*, 103 B.R. 298, 299 (Bankr. N.D. Fla. 1989).

14. "If a judgment is obtained, the bankruptcy court may then make the determination of its dischargeability on the basis of the state court record, if sufficient, or such additional evidence as the Court may appropriately allow." *Id.*

15. "Judicial economy may dictate the Court's exercise of discretion, especially in a case . . . where the issues appear inextricably intertwined with pending state court litigation." *Id.*

16. In this matter, the issues in the two actions are inextricably intertwined, and considering the existence of related third party non-debtors in the State Court Action who will have to participate in two actions but for the relief requested herein, this Court should grant relief from stay to continue the State Court Action to conclusion.

WHEREFORE, for the reasons stated herein the Redigers move this Court to enter an Order (i) granting relief from stay to the Redigers for the for the limited purpose of seeking a judgment of liability and liquidated damages in the State Court Action against the Debtor, (ii) staying the Adversary until after the claim is liquidated in state court, and (iii) granting such other relief as this Court may deem just and proper.

## CERTIFICATE OF SERVICE

The undersigned, hereby certifies that a true and correct copy of the foregoing was furnished via CM/ECF system on January 23, 2017 to: Robert D. DeLeon, Esquire, Kaufman, Englett & Lynd, PLLC, 150 North Orange Avenue, Suite 100, Orlando, FL 32801, the U.S. Trustee, 501 East Polk Street, Suite 1200, Tampa, Florida 33602, the trustee Jon M. Waage, P.O. Box 25001, Bradenton, FL 34206 and all parties participating in CM/ECF, and by U.S. Mail on January 23, 2017 to: Karl Dudley Crawford and Cheryl Annette Crawford, 13905 Noble Park Drive, Odessa, FL 33556 and all non CM/ECF parties listed on the attached matrix.

/s/ Michael A. Nardella
Michael A. Nardella, Esq.
Florida Bar No: 51265
**NARDELLA & NARDELLA, PLLC**
250 E. Colonial Drive, Suite 102
Orlando, Florida 32801
Telephone: (407) 966-2680
Facsimile: (407) 966-2681
Primary Email: mnardella@nardellalaw.com
Secondary Email: afebres@nardellalaw.com

**Attorneys for Mark and Colleen Rediger**