UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
<u>TAMPA DIVISION</u>

In Re:

KARL DUDLEY CRAWFORD and
CHERYL ANNETTE CRAWFORD,                    Case No. 8:15-bk-10162-CPM
                                            Chapter 13
    Debtors.

_____

COLLEEN REDIGER and MARK REDIGER,

    Plaintiffs,                             Adv. Proc. No. 8:16-ap-00559-CPM

vs.

KARL DUDLEY CRAWFORD,

    Defendant.

## **MEDIATOR'S REPORT AND COMPLETION OF MEDIATION**

Pursuant to the Court's Order from the bench directing the Parties to mediation of both the main case and the pending adversary proceeding and also appointing the mediator, and with the consent of the participating Parties, a private confidential mediation conference was conducted in the above-captioned main case and related adversary proceeding by Florida Supreme Court Certified Circuit Civil Mediator, Robert J. Nader (Mediator Cert. No. 05368FRA), on Friday, April 28, 2017, which commenced at approximately 1:00 p.m., at the Court Reporter Offices of Michael Musetta & Associates. This is the Mediator's Report and acknowledgement of the completion of the mediation conference.

The following persons were physically present and actively participated at the Mediation Conference: The undersigned appointed Mediator, Robert J. Nader, Esq.; the creditor Plaintiffs, Colleen Rediger and Mark Rediger, and their counsel in the bankruptcy adversary proceeding and in the companion state court litigation, John R. Brinson,, Jr., Esq.; the Debtors in bankruptcy, Cheryl Annette Crawford and Karl Dudley Crawford, who is also the Defendant in the adversary proceeding, and their attorney of record in bankruptcy, Robert DeLeon, Esq.

The aforementioned Parties and mediation participants engaged in negotiations and discussions throughout the mediation session. At the conclusion of the mediation conference, the Mediator was asked to keep the mediation open pending the Parties' finalizing the terms proposed at the conclusion of the mediation conference of April 28th and then subsequently entering into a full and complete written settlement agreement that resolved the issues in the adversary proceeding and in the related state court case. The undersigned Mediator kept the matter open, frequently

communicating with the Parties' counsel to determine if the terms of a settlement agreement had been resolved and finalized and if such an agreement had been reduced to writing. After first being advised that a settlement may be forthcoming, the mediation session remained open as an accommodation to the Parties and their counsel. After several oral and written efforts were undertaken by the Mediator over the past seven weeks inquiring as to the status of any ongoing discussions between the attorneys for the Parties who attended the mediation, the undersigned contacted counsel on June 19, 2017 for a final report. He was advised that no such complete and comprehensive agreement had been reached and reduced to writing with respect to the pending adversary proceeding and the related state court litigation notwithstanding the almost five hour mediation session and the time that had passed since the initial mediation conference.

The initial Mediation Conference commenced at 1:00 p.m. and continued for almost five consecutive hours until 5:45 p.m. The mediation remained open as stated above, but is now concluded with no final agreement having been reached between the Parties and an impasse having been declared. The Mediation was therefore been adjourned on June 19, 2017.

    Respectfully Submitted,

    /s/ Robert J. Nader
    ROBERT J. NADER, ESQUIRE
    Florida Bar No. 402461
    Fla. Sup. Ct. Mediator No. 05368FRA
    2605 W. Jetton Avenue
    Tampa, Florida 33629
    Tel: (813) 731-7750
    Email: rjn@naderlawfl.com

3

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing Mediator's Report and Completion of Mediation was uploaded and filed electronically through the Court's CM/ECF system on June 20, 2017. Notice of this filing will be sent by operation of the Court's electronic filing system to the parties indicated on the electronic filing receipt and/or to their respective bankruptcy counsel. Parties may access this filing through the Court's system. Additionally, the attorneys who appeared at the Mediation Conference on behalf of their respective clients and all other participating parties and attorneys will also receive a copy of the foregoing Mediator's Report and Completion of Mediation via a separate courtesy email transmission from the undersigned Mediator forwarded to their respective email addresses.

    /s/ Robert J. Nader
Robert J. Nader, Esquire